UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Peter Gould,<br><br>                               Plaintiff,<br><br>      - against -<br><br>Davler Media Group LLC.<br><br>                               Defendant. | Docket No.  18-cv-06073<br><br>JURY TRIAL DEMANDED |

# COMPLAINT

Plaintiff Peter Gould ("Gould" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Davler Media Group LLC ("Davler" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of Studio 54, owned and registered by Peter Gould, a New York based professional photographer. Accordingly, Plaintiff seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2.      This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.  This Court has personal jurisdiction over Defendant because Defendant resides in and/or transacts business in New York.

4.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.  Gould is a professional photographer in the business of licensing his photographs to online and print media for a fee having a usual place of business at 7 East 17 Street Apt. 6B, New York, NY 10003.

6.  Upon information and belief, Davler is a foreign business corporation duly organized and existing under the laws of the State of New York, with a place of business at 498 7th Ave, 10th Floor New York, NY 10018. Upon information and belief Davler is registered with the NYS Department of State Division of Corporations to do business in the State of New York. At all times material, hereto, Davler has owned and operated a website at the URL: www.metrosource.com (the "Website").

## STATEMENT OF FACTS

**A.  Background and Plaintiff's Ownership of the Photograph**

7.  Plaintiff photographed Studio 54(the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8.  Plaintiff licensed the Photograph to New York Magazine. On September 28, 1981, New York Magazine ran an article that featured the Photograph titled *Can Studio 54 be Born Again?* A true and correct copy of a screen shot from the article is attached hereto as Exhibit D.

9.  Peter is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

9. The Photograph was registered with the United States Copyright Office and was given registration number VA 2-025-114. A true and correct copy of the VA 2-025-114 copyright registration certificate is attached hereto as Exhibit B.

**B.    Defendant's Infringing Activities**

10. On or about January 17, 2018, Davler ran an article on the Website metrosource.com. See URL https://metrosource.com/studio-54-book/ (the "Article"). The article prominently featured the Photograph. A true and correct copy of a screenshot from the article is attached hereto as Exhibit C.

11. Davler did not license the Photograph from Plaintiff for its article, nor did Davler have Plaintiff's permission or consent to publish the Photograph on its Website.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST DEFENDANT)**
**(17 U.S.C. §§ 106, 501)**

12. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-11 above.

13. Davler infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. Davler is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

14. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

15. Upon information and belief, the foregoing acts of infringement by Defendant have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

16.     As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

17.     Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

18.     Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST DEFENDANT
## (17 U.S.C. § 1202)

19.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-19 above.

20.     Upon information and belief, in its article on the Website, Defendant copied the Photograph from the New Yorker which contained a gutter credit on the bottom of the page underneath the Photograph stating "Peter Gould," and Daver placed the Photograph on its Website with the incorrect credit.

21.     Upon information and belief, intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

22.     The conduct of Davler violates 17 U.S.C. § 1202(b).

23.     Upon information and belief, Davler falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

24. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Davler intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph. Davler also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph.

25. As a result of the wrongful conduct of Davler as alleged herein, Plaintiff is entitled to recover from Davler the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Davler because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

26. Alternatively, Plaintiff may elect to recover from Davler statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Davler be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant Davler be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. That Plaintiff be awarded Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 1203(b);

7. That Plaintiff be awarded pre-judgment interest; and

8. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
July 3, 2018

LIEBOWITZ LAW FIRM, PLLC

By: /s/ Joseph A. Dunne
Joseph A. Dunne
11 Sunrise Plaza, Suite 305
Valley Stream, New York 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff*